**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANDREW SHANK,
<u>Plaintiff-Appellant,</u>

v.

THE PAUL REVERE LIFE INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

No. 97-2730

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-569-JFM)

Submitted: August 11, 1998

Decided: September 16, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerard P. Uehlinger, Towson, Maryland, for Appellant. Mark E.
Schmidtke, EBENSTEIN & SCHMIDTKE CONSULTANTS, Valpa-
raiso, Indiana; Ruth Atkinson Lusby, RUTH ATKINSON LUSBY,
P.A., Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Shank appeals from the district court's orders denying a discovery request and granting the motion of Paul Revere Life Insurance Company (Revere) for summary judgment on Shank's complaint seeking long term disability benefits under a group insurance plan sponsored by his former law firm, MJS&B. Finding no reversible error, we affirm.

Shank was employed by MJS&B from May 1994 until May 18, 1995, when he voluntarily resigned because he was suffering from the effects of severe stress. Shank sought treatment from his physician on June 27, 1995, and was eventually hospitalized. [1] Shank filed a claim with Revere for group disability benefits in March 1996. Revere denied the claim, and Shank filed suit.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted Revere's motion.

_____

[1] Although Shank claims that his symptoms began in February 1995 and that he called his physician about taking some of his wife's medication prior to his resignation, the record clearly shows that he did not see a doctor for treatment until June.

2

Because the disability plan here gave Revere complete discretion in determining eligibility for benefits and interpreting the terms of the agreement, we review Revere's decision denying benefits to see whether it was arbitrary or capricious. See Bernstein v. CapitalCare, Inc., 70 F.3d 783, 787-88 (4th Cir. 1995).**2** Shank's plan provided coverage to employees who became disabled during the course of their employment. To be considered disabled under the plan, an employee must, inter alia, be under a doctor's care for treatment of the disabling condition. We find that the record clearly shows that Shank did not receive treatment until June 1995, over one month after his resignation. Because the express language of the plan states that treatment by a physician, not onset of symptoms, is the triggering event for coverage, we find that Revere's decision denying benefits was not objectively unreasonable, and summary judgment was appropriate.

It is well-settled that discovery decisions are within the trial court's discretion, and we find no abuse of that discretion here. Shank sought permission to depose certain employees of Revere hoping to find support for his conclusory allegation that Revere had a secret policy of initially denying all claims. Since the proposed deposition testimony did not address the ultimate reason for denial of Shank's claim (i.e., that he did not receive treatment for his condition until after his resignation), we find that any such policy, even if it did exist, would not have had any effect on the final outcome of his case. As a result, the proposed testimony was irrelevant to any issue before the district court, and the court did not abuse its discretion by denying Shank's request.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
**2** In this case, Revere was both the plan administrator and the payor of benefits. We therefore review Revere's decision to see whether it was objectively reasonable, given this possible conflict of interest. Id.